In re Charles James LEKOWICZ, S.S. # 098–30–3920; Barbara Lee Lekowicz, S.S. # 261–76–4531 d/b/a Dulcina's Homestead Restaurant, Debtors.

The EDUCATION RESOURCES INSTITUTE, INC., Plaintiff–Appellant,

v.

Charles James LEKOWICZ and Barbara Lee Lekowicz, Defendants–Appellees.

Civ. No. 90–B–848.

United States District Court, D. Colorado.

Sept. 19, 1990.

Bruce Johnson, Doty, Johnson & Shapiro, Boulder, Colo., George E. Curtis, Stephanie A. Rich, David Yanofsky, Csaplar & Bok, Boston, Mass., for plaintiff-appellant.

Barton S. Balis, Balis & Barrett, P.C., Boulder, Colo., for defendants-appellees.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

This is an appeal from a bankruptcy proceeding regarding an undue hardship discharge under 11 U.S.C. § 523(a)(8) from liability for two educational loans in the bankruptcy of Charles James Lekowicz and Barbara Lee Lekowicz (the Lekowiczs). The Educational Resources Institute, Inc. (TERI), which guaranteed the loans, seeks to reverse the Bankruptcy Court's discharge. It argues that the Bankruptcy Court's finding of undue hardship was clearly erroneous, was based on an improper legal standard, and that the relief granted was an abuse of discretion. The Lekowiczs cross-appeal, seeking to reverse the partial summary judgment against them on several legal issues. Jurisdiction is proper under 28 U.S.C. § 158 and Bankruptcy Rule 8001(a). I affirm.

A Bankruptcy Court's finding of undue hardship under 11 U.S.C. § 523(a)(8) "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the Bankruptcy Court to judge the credibility of the witnesses." Bankr. R. 8013. Contrary to the TERI's contention, the Bankruptcy Court's finding here has adequate support in the record and is not clearly erroneous.

TERI, however, argues that the Bankruptcy Court used an improper legal standard in deciding undue hardship. It maintains that undue hardship is measured strictly according to the federal poverty level. I disagree.

The proper standard is whether a debtor's income is adequate to maintain a minimal standard of living and to pay the educational loan. *In re Bryant*, 72 B.R. 913, 915 (Bankr.E.D.Pa.1987). A debtor at or near the federal poverty level necessarily qualifies. *Id.* at 916. If the debtor's income is above the poverty level, then

**238**

other factors should be considered. *Id.* at ·917. Thus, the federal poverty level is but one factor in determining undue hardship. The Bankruptcy Court did not err in this case in considering other relevant factors such as the substantial amount of money, nondischargeable, owed by the Lekowiczs to the Internal Revenue Service and Mr. Lekowicz's ill health.

Lastly, TERI argues that the Bankruptcy Court abused its discretion in fully discharging the educational loan obligation instead of discharging only a portion of the debt. Section 523(a)(8) allows the Bankruptcy Court to discharge an educational loan upon a finding of undue hardship. The Bankruptcy Court found undue hardship. Thus, it was not an abuse of discretion to discharge totally the loans.

Because I affirm the Bankruptcy Court's ruling, I need not address the Lekowicz's appeal of the grant of partial summary judgment.

Accordingly, it is ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.